# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHELLE NIEMEYER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**NW PERMANENTE** dba **PERMANENTE MEDICINE**, and **KAISER PERMANENTE**, corporations,<br><br>Defendants. | Case No. 3:23-cv-00815-IM<br><br>**ORDER DENYING NW PERMANENTE'S MOTION TO DISMISS AS TO NW PERMANENTE AND GRANTING THE MOTION AS TO KAISER PERMANENTE** |

Caroline Janzen, Janzen Legal Services, LLC, 4550 SW Hall Blvd, Beaverton, OR 97005. Attorney for Plaintiff.

Calon Nye Russell, Sheppard Mullin Richter & Hampton LLP, 4 Embarcadero Center, Suite 1700, San Francisco, CA 94111. Paul J. Kaufman, Sheppard Mullin Richter & Hampton LLP, 12275 El Camino Real, Suite 100, San Diego, CA 92130. Attorneys for Defendant NW Permanente.

**IMMERGUT, District Judge.**

On June 5, 2023, Plaintiff Michelle Niemeyer filed a Complaint in this Court against NW

Permanente and Kaiser Permanente ("Kaiser") (collectively "Defendants"). Complaint

("Compl."), ECF 1. Plaintiff asserts claims for unlawful employment discrimination on the basis

PAGE 1 –ORDER DENYING DEFENDANT NW PERMANENTE'S MOTION TO DISMISS AS TO NW PERMANENTE AND GRANTING THE MOTION AS TO KAISER

of religion under O.R.S. 659A.030 and 42 U.S.C. §§ 2000e to 2000e-17. *Id.* ¶¶ 20–31. Before

this Court is NW Permanente's Motion to Dismiss both named Defendants for Insufficient

Service of Process under Federal Rule of Civil Procedure 12(b)(5) ("Mot."), ECF 6.[1] Based on

the unique facts of this case, this Court exercises its discretion to extend the deadline for Plaintiff

to serve NW Permanente. However, Plaintiff has failed to address Defendant NW Permanente's

motion to dismiss with respect to named defendant Kaiser. Accordingly, this Court DENIES the

Motion to Dismiss as to NW Permanente but GRANTS the Motion with respect to Kaiser.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(m), the plaintiff must serve a defendant with a

summons and a copy of the complaint "within 90 days after the complaint is filed." A federal

court does not have personal jurisdiction over a defendant "without substantial compliance with

Rule 4." *S.E.C. v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) (citation omitted). "If a defendant is

not served within 90 days after the complaint is filed, the court—on motion or on its own after

notice to the plaintiff—must dismiss the action without prejudice against that defendant or order

that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P.

12(b)(5). But the court must extend the time for service if the plaintiff shows good cause. Fed. R.

Civ. P. 4(m); *see also United States v. 2,164 Watches, More or Less Bearing a Registered

Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) ("*2,164 Watches*"). Even absent

---

[1] Although Plaintiff's Complaint names Kaiser Permanente as a defendant, Plaintiff has
not served Kaiser as of the date of this opinion. Further, according to Defendant NW
Permanente, Kaiser is not a legal entity registered with the Oregon Secretary of State. Mot., ECF
6 at 1 n.1. For these reasons, the Motion is brought solely by Defendant NW Permanente,
although it seeks dismissal of both named Defendants. *Id.*

good cause, a district court may exercise "broad discretion to extend the time for service." *2,164 Watches*, 366 F.3d at 772 (citation and internal quotation marks omitted).

## BACKGROUND

The facts below are primarily drawn from the Complaint. Plaintiff was employed by Defendants for thirty years as a patient intake specialist at the Westside Medical Clinic ("Clinic") in Hillsboro, Oregon. Compl., ECF 1 ¶¶ 3, 5. In late February 2020, the COVID-19 pandemic unfolded. *Id.* ¶ 8. Despite the pandemic, Plaintiff continued to work in person at the Clinic. *Id.* ¶ 10.

Then, in summer 2021, Defendants introduced a COVID-19 vaccine mandate at the Clinic. *Id.* ¶ 12. Plaintiff, a devout Christian, applied for a religious exemption to the vaccine mandate, believing that taking the vaccine would violate her bodily integrity and taint the purity of her body. *Id.* A month later, Defendants denied Plaintiff's requested religious exemption. *Id.* ¶ 13. Plaintiff reapplied for an exemption three times, but Defendants denied each of her requests. *Id.* Defendants placed Plaintiff on unpaid administrative leave on October 1, 2021, before ultimately terminating her. *Id.*

Plaintiff filed her Complaint on June 5, 2023, alleging that Defendants discriminated against her in the workplace on the basis of religion, in violation of O.R.S. 659A.030 and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. *Id.* ¶¶ 20–31. On September 18, 2023—105 days later—Plaintiff served NW Permanente. Affidavit of Service Upon NW Permanente, ECF 5. Then, on October 10, 2023, NW Permanente moved this Court to dismiss Plaintiff's Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Mot., ECF 6. To date, Plaintiff has not served Kaiser. *See id.* at 1 n.1; Reply in Support of Defendant's Motion to Dismiss ("Reply"), ECF 9 at 1 n.1.

PAGE 3 –ORDER DENYING DEFENDANT NW PERMANENTE'S MOTION TO DISMISS AS TO NW PERMANENTE AND GRANTING THE MOTION AS TO KAISER

## DISCUSSION[2]

NW Permanente argues that this Court should dismiss the Complaint against both NW

Permanente and Kaiser without prejudice because Plaintiff has not shown good cause for failing

to serve Defendants timely under Rule 4(m) and further Defendant NW Permanente asserts

Kaiser is not a legal entity. Mot., ECF 6 at 2–4; Reply, ECF 9 at 2–4. Plaintiff does not argue

that she timely served NW Permanente, but claims that good cause excuses her late service.

Plaintiff's Response ("Resp."), ECF 7 at 2–3. Plaintiff makes no argument whatsoever about

whether Kaiser is a legal entity as named or whether failure to serve Kaiser should be excused.

Good cause may be established, at a minimum, through excusable neglect. *In re Sheehan*,

253 F.3d 507, 512 (9th Cir. 2001) (citation omitted). To determine whether neglect is excusable,

courts are to consider "at least four factors: (1) the danger of prejudice to the opposing party; (2)

the length of the delay and its potential impact on the proceedings; (3) the reason for the delay;

and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192

(9th Cir. 2009) (citation omitted).[3]

Only if the plaintiff demonstrates excusable neglect does the court proceed to the next

step of the analysis. Excusable neglect can qualify as good cause if the plaintiff establishes three

additional factors: (a) the party to be served received actual notice of the lawsuit; (b) the

---

[2] Plaintiff responded to this Motion on October 31, 2023, seven days after her brief was due pursuant to the District of Oregon Local Rules. *See* Resp., ECF 7; Mot., ECF 6; LR 7-1(e)(1). Although a lack of timely opposition may be interpreted as a concession by Plaintiff, this Court nonetheless examines the merits of Defendant's Motion to Dismiss under Rule 12(b)(5). *See Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004).

[3] Although the Ninth Circuit in *Lemoge* considered these factors to determine whether the plaintiff established excusable neglect under Rule 60(b), the court applied this same analysis to conclude that the plaintiff had also established excusable neglect under Rule 4(m). *See Lemoge*, 587 F.3d at 1192, 1198.

defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if her complaint were dismissed. *In re Sheehan*, 253 F.3d at 512 (citation omitted).

After evaluating the unique facts of this case, this Court exercises its discretion to extend the deadline for Plaintiff to effectuate service of process as to NW Permanente and accordingly finds service to be timely. Therefore, this Court need not decide whether Plaintiff's failure to timely serve NW Permanente constitutes excusable neglect, to justify good cause. In contrast, because Plaintiff failed to respond, explain, or challenge NW Permanente's assertion that Kaiser Permanente is not a legal entity or explain why Kaiser Permanente has not yet been served, this Court grants Defendant's Motion to Dismiss as to Kaiser.

## A.  Exercise of Discretion

Courts may consider several factors when determining whether to grant a discretionary extension of service of process deadlines: (1) the length of the delay; (2) whether a reasonable explanation has been offered for the untimely service; (3) whether the party has shown reasonable diligence in attempting service; (4) a limitations bar; (5) prejudice to the defendant; (6) actual notice of the lawsuit; and (7) eventual service. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Considering the *Efaw* factors, this Court exercises its discretion to extend the Rule 4(m) deadline as to NW Permanente.

The most important of the *Efaw* factors is whether Plaintiff is barred by the statutes of limitations from refiling her claim. The Ninth Circuit has explained that prejudice from a statute of limitations bar can warrant a district court exercising its discretion to extend Rule 4(m) deadlines. *See Lemoge*, 587 F.3d at 1198 (stating that a discretionary extension of Rule 4(m) deadlines was appropriate for plaintiffs who would be time-barred from refiling their action); *Harper v. Wright*, 744 F. App'x 533, 534 (9th Cir. 2018) (reversing district court's decision to

PAGE 5 –ORDER DENYING DEFENDANT NW PERMANENTE'S MOTION TO DISMISS AS TO NW PERMANENTE AND GRANTING THE MOTION AS TO KAISER

dismiss case where defendants were served within fourteen days of the service deadline and plaintiff's claims would be time-barred if the action were dismissed). Here, Plaintiff would be severely prejudiced if this case were dismissed because the statute of limitations has elapsed. Resp., ECF 7 at 3; Declaration of Caroline Janzen ("Janzen Decl."), ECF 8 ¶ 6.

In addition, the first, fifth, and seventh factors also favor this Court exercising its discretion to extend the Rule 4(m) deadline for NW Permanente. As for the first factor, Plaintiff's delay in serving NW Permanente was minimal—fifteen days after the deadline imposed by Rule 4(m). Regarding the fifth factor, Defendant has made no argument that it will experience prejudice if the Rule 4(m) deadline is extended, so this Court finds that any such prejudice would be minimal. *Cf. Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000) (stating that defending an action on the merits constitutes minimal prejudice). For the seventh factor, although Plaintiff's service of NW Permanente was untimely, Defendant was eventually served.

On the other hand, the second, third, and sixth factors weigh against this Court exercising its discretion to extend the Rule 4(m) deadline for NW Permanente. As for the second factor, Plaintiff blames her untimely service of NW Permanente on inadequate staffing. Resp., ECF 7 at 2; Janzen Decl., ECF 8 ¶¶ 3–4. This Court does not find Plaintiff's excuse to be a reasonable explanation for violating Rule 4(m). Plaintiff's counsel is an experienced litigator with dozens of other pending cases, including several in this Court, and thus is familiar with the Federal Rules of Civil Procedure and Local Rules for service of process. For the third factor, Plaintiff does not argue that she made any other attempt to serve either Defendant before the September 18, 2023 deadline. Thus, she has not shown reasonable diligence in attempting service. Last, the sixth

factor, Plaintiff has failed to present any evidence that NW Permanente was aware of the lawsuit before it was served on September 18, 2023.

Based on these factors, and placing due emphasis on the severe prejudice that Plaintiff would experience if her case were dismissed, this Court exercises its discretion to extend the deadline for service of process as to NW Permanente. *See 2,164 Watches*, 366 F.3d at 772 ("A district court may . . . extend time for service retroactively after the [Rule 4(m)] service period has expired." (citation omitted)).

However, as explained above, this Court declines to exercise its discretion to extend the Rule 4(m) deadline as to Kaiser. Plaintiff ignored NW Permanente's argument that Kaiser Permanente is not a legal entity. Moreover, Plaintiff still has not served Kaiser, nor explained her continued failure to do so. Plaintiff has provided no basis whatsoever, much less good cause, for this Court to extend the deadline for service with respect to Kaiser Permanente.[4]

---

[4] This Court notes that counsel's lack of diligence responding to NW Permanente's Motion is not an isolated incident. In cases involving Plaintiff's Counsel, this Court has issued two show cause orders and two notices for missed deadlines, not including her late response in this case, *see supra* at 4 n.2.  *See* Order to Show Cause, *Craven v. Shriners Hosps. for Child.*, No. 3:22-cv-01619-IM (D. Or. Nov. 1, 2023), ECF 18; Order to Show Cause, *Gamon v. Shriners Hosps. for Child.*, 3:23-cv-00216-IM (D. Or. July 6, 2023), ECF 10; Order, *Gamon v. Shriners Hosps. for Child.*, 3:23-cv-00216-IM (D. Or. Jan. 3, 2024), ECF 23; Order, *Funk v. Or. Health & Sci. Univ.*, No. 3:23-cv-01260-IM (D. Or. Dec. 5, 2023), ECF 9.

Plaintiff's Counsel has, by this Court's count, at least twelve more instances of untimeliness before other courts in this District. *See, e.g.*, Order, *DeVito v. Legacy Health*, No. 3:22-cv-01983-YY (D. Or. June 16, 2023), ECF 13; Order, *Trinh v Shriners Hosps. for Child.*, No. 3:22-cv-01999-SB (D. Or. June 12, 2023), ECF 12; Response in Opposition, *Lysikov v. Shriners Hosps. for Child.*, No. 3:23-cv-0280-AR (Aug. 23, 2023), ECF 10; Order, *Nelson v. Or. Health & Sci. Univ. Sch. of Dentistry*, No. 3:23-cv-00608-SB (Aug. 23, 2023), ECF 7; Order, *Pena v. Or. Health & Sci Univ.*, No. 3:23-cv-00797-SI (Jan. 5, 2024), ECF 7; Response in Opposition, *Denton v. Shriners Hosps. for Child.*, No. 3:23-cv-00826-JR (Dec. 13, 2023), ECF 7; Motion for Extension, *Coates v. Legacy Health*, No. 3:23-cv-00931-JR (Nov. 27, 2023), ECF 9; Motion for Extension, *Levario v. Or. Health & Sci. Univ.*, No. 3:23-cv-01262-AR (Dec. 20, 2023), ECF 7; Order, *Gimby v. Or. Health & Sci. Univ. Sch. of Dentistry*, No. 3:23-cv-01295-HZ (Jan. 2, 2024), ECF 10; Response in Opposition, *Patterson v. Legacy Health*, No. 3:23-cv-

PAGE 7 –ORDER DENYING DEFENDANT NW PERMANENTE'S MOTION TO DISMISS AS TO NW PERMANENTE AND GRANTING THE MOTION AS TO KAISER

## CONCLUSION

Exercising its discretion, this Court extends the Rule 4(m) deadline for service on NW Permanente by fifteen days, or until September 18, 2023, and finds service on NW Permanente to be timely. Accordingly, this Court DENIES Defendant NW Permanente's Motion to Dismiss as to NW Permanente, but GRANTS the Motion as to Defendant Kaiser.

**IT IS SO ORDERED.**

DATED this 16th day of February, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

01298-AR (Jan. 24, 2024), ECF 8; Motion for Extension, *Welch v. Or. Health & Sci. Univ.*, No. 3:23-cv-01231-SB (Dec. 20, 2023), ECF 8; Response in Opposition, *Buss v. PeaceHealth*, No. 6:23-cv-01128-AA (Nov. 17, 2023), ECF 8.

And Plaintiff's Counsel has been admonished, or ordered to show cause, for untimeliness by four other courts in this District. *See* Order, *McCune v. Asante Rouge Reg'l Med. Ctr.*, No. 1:23-cv-00799-CL (D. Or. Jan. 2, 2024), ECF 14 ("Any further untimely or incomplete responses or other filings by Plaintiff['s] counsel without good cause shown will be considered violations of the Court['s] standards of professional conduct."); Findings and Recommendation at 4, *Dill v. Peacehealth*, No. 6:23-cv-00720-MK (Dec. 6, 2023), ECF 10 ("Plaintiff's counsel is admonished that she is responsible for timely adhering to the Court's deadlines, and that in the future the Court will be inclined to treat incomplete or untimely responses as violations of the Court's standards of professional conduct."); Order to Show Cause, *Bulek v. Kaiser Found. Hosps.*, No. 3:23-cv-01585-MO (Nov. 27, 2023), ECF 4; Order to Show Cause, *Burdick v. St. Charles Health Sys., Inc.*, No. 6:23-cv-00491-MC (Sept. 27, 2023), ECF 3.

PAGE 8 –ORDER DENYING DEFENDANT NW PERMANENTE'S MOTION TO DISMISS AS TO NW PERMANENTE AND GRANTING THE MOTION AS TO KAISER