**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **MICHELLE NIEMEYER**, an individual, | Case No. 3:23-cv-00815-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| **NW PERMANENTE**, d/b/a Permanente Medicine, a corporation, | |
| Defendant. | |

Caroline Janzen and Paul Janzen, Rugged Law, Inc., 4550 SW Hall Boulevard, Beaverton, OR 97005. Attorneys for Plaintiff.

Charlotte K. Hodde, Seyfarth Shaw LLP, 400 Capitol Mall, Suite 2300, Sacramento, CA 95814. Christian J. Rowley and Sean T. Strauss, Seyfarth Shaw LLP, 560 Mission Street, 31st Floor, San Francisco, CA 94105. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Defendant NW Permanente's Motion to Dismiss Plaintiff Michelle

Niemeyer's First Amended Complaint ("Mot."), ECF 40, under Federal Rule of Civil Procedure

12(b)(6). Defendant argues that Plaintiff's First Amended Complaint ("FAC"), ECF 36, fails to

allege sufficient facts to state a claim for religious discrimination under Title VII of the Civil

PAGE 1 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Rights Act of 1964 and O.R.S. 659A.030. Mot., ECF 40 at 2–3. Defendant further argues that Plaintiff's new claims for retaliation and hostile work environment under Title VII and O.R.S. 659A.030 fail to state a claim. *Id.* at 3. Plaintiff responds that she has sufficiently pleaded her claims and asks this Court to disregard Defendant's "extrinsic evidence." Plaintiff's Response ("Resp."), ECF 42 at 3, 5. As explained below, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff has stated a claim for religious discrimination on a failure-to-accommodate theory, but has insufficiently alleged a disparate-impact theory, disparate-treatment theory, or claims for retaliation and a hostile work environment. Plaintiff is granted leave to amend except as to her retaliation claim because amendment would be futile.[1]

## BACKGROUND

The following facts are taken from the FAC. Plaintiff worked as a patient intake specialist for Defendant for thirty years at Westside Medical Clinic in Hillsboro, Oregon. FAC, ECF 36 ¶¶ 3, 5, 9. Plaintiff interacted directly with patients in the Emergency Room, including those who arrived by ambulance. *Id.* ¶ 5. Plaintiff worked in person during the COVID-19 pandemic. *Id.* ¶¶ 10–11.

In summer 2021, Defendant introduced a COVID-19 vaccine mandate at the Clinic. *Id.* ¶ 12. On or about August 24, 2021, Plaintiff, a devout Christian who believes taking the vaccine would violate her bodily integrity and that aborted fetal cells were used in the development of the vaccine, applied for a religious exemption to the vaccine mandate. *Id.* A month later, Defendant denied Plaintiff's requested religious exemption. *Id.* ¶ 13. Plaintiff reapplied for an exemption

---

[1] Defendant has repeatedly informed Plaintiff that Plaintiff was employed by Kaiser Foundation Health Plan of the Northwest, not NW Permanente. Mot., ECF 40 at 3 n.2, 6; Motion to Dismiss, ECF 26 at 1–2, 3 n.2. If Plaintiff chooses to amend her complaint, she must ensure that she is suing the proper defendant.

three times, but Defendant denied each of her requests. *Id.* On October 1, 2021, Defendant placed Plaintiff on unpaid administrative leave and ultimately terminated her employment. *Id.*

Plaintiff filed her Complaint on June 5, 2023, alleging that Defendant unlawfully discriminated against her in the workplace based on her religious beliefs, in violation of O.R.S. 659A.030 and Title VII of the Civil Rights Act of 1964. Complaint, ECF 1 ¶¶ 20–31. On March 1, 2024, Defendant filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. ECF 26. On May 6, 2024, this Court granted Defendant's motion with leave to amend because Plaintiff "fail[ed] to explain how Plaintiff's Christian beliefs conflict with a vaccine mandate." Opinion & Order, ECF 33 at 5.

On June 20, 2024, Plaintiff filed the FAC. ECF 36. She now brings the following claims under Title VII of the Civil Rights Act of 1964 and O.R.S. 659A.030: (1) failure to accommodate; (2) disparate treatment; (3) disparate impact; (4) wrongful reduction in pay; (4) retaliation; and (5) a "[c]ompany-wide, or systemic, discriminatory pattern or practice." *Id.* ¶¶ 25, 32. On July 19, 2024, Defendant filed the instant motion to dismiss. ECF 40.

## LEGAL STANDARDS

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a

presumption of truth, allegations in a complaint "may not simply recite the elements of a cause

of action, but must contain sufficient allegations of underlying facts to give fair notice and to

enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th

Cir. 2011).

## DISCUSSION

Defendant moves to dismiss some of Plaintiff's claims, arguing that Plaintiff has failed to

establish a prima facie case[2] of religious discrimination under Title VII or Oregon law. This

Court first addresses what materials it may properly consider, and then addresses each of

Plaintiff's claims in turn.

### A.  Matters Outside the Pleadings

Defendant attaches nearly fifty pages of exhibits to its Motion. *See* ECF 40-1 to 40-12.

Defendant asks this Court to consider "[t]he documents Plaintiff submitted in support of her

exemption requests," arguing that Plaintiff's discussion of these documents in the FAC

effectively incorporated them by reference. Mot., ECF 40 at 11. Plaintiff argues that considering

"matters extraneous to the pleadings" on a motion to dismiss would be "reversible error," but

does not address the applicability of the incorporation-by-reference doctrine. Resp., ECF 42 at 4.

As a general rule, "district courts may not consider material outside the pleadings when

assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics,*

---

[2] Under the *McDonnell Douglas* burden-shifting framework, "[t]he employee must first
establish a prima facie case of discrimination. If [s]he does, the employer must articulate a
legitimate, nondiscriminatory reason for the challenged action. Finally, if the employer satisfies
this burden, the employee must show that the reason is pretextual either directly by persuading
the court that a discriminatory reason more likely motivated the employer or indirectly by
showing that the employer's proffered explanation is unworthy of credence." *Dawson v. Entek
Int'l*, 630 F.3d 928, 934–35 (9th Cir. 2011). This burden-shifting framework applies equally to
claims brought under O.R.S. 659A.030. *Id.* at 935.

*Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). One exception to this rule is the incorporation-by-reference doctrine. *Khoja*, 899 F.3d at 998. This doctrine "treats certain documents as though they are part of the complaint itself," and, in doing so, "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. The Ninth Circuit has recognized that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). But "the mere mention of the existence of a document is insufficient" to incorporate it. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Plaintiff's claims refer to and rely on the paperwork that she submitted in support of her requests for religious exemptions and her reasons for seeking exemptions. *See* FAC, ECF 36 ¶¶ 12–13. Courts have considered religious exemption forms under the incorporation-by-reference doctrine. *Kather v. Asante Health Sys.*, No. 1:22-CV-01842-MC, 2023 WL 4865533, at *1 n.1 (D. Or. July 28, 2023); *Bartholomew v. Washington*, No. 23-CV-05209, 2024 WL 1426308, at *2 n.3 (W.D. Wash. Mar. 26, 2024); *Welch v. Or. Health & Sci. Univ.*, No. 3:23-CV-01231-SB, 2024 WL 3106930, at *13 (D. Or. May 17, 2024), *report & recommendation adopted*, 2024 WL 3106838 (D. Or. June 20, 2024). Thus, this Court will consider Plaintiff's

exemption requests and supporting materials[3] at the motion to dismiss stage because they are incorporated by reference in the FAC.

In Plaintiff's exemption request, in response to a question asking Plaintiff to identify "[t]he specific religious doctrine or teaching that prevents [her] from receiving a vaccine," she initially responded: "I will provide at a later date," First Exemption Request, ECF 40-2, Ex. A at 2, and "I will provide later," Second Exemption Request, ECF 40-4, Ex. C at 2. In Plaintiff's third exemption request, she explained that she is a Christian and that:

> [I]t is my sincerely, held religious belief that, in being vaccinated with any of the currently available COVID-19 vaccines, I would be cooperating with and complicit in abortion—the ending of an innocent human life—and that such would constitute a sin against GOD and a violation of his Commandments, for which I would be hel[d] morally accountable by God. [F]or that reason, I am requesting a religious accommodation, under the Title VII and ORS 659A.033 that will excuse me from having to receive a COVID -19 vaccine[,] and further request that no adverse employment action be taken against me on account of my religious beliefs[.]

ECF 40-7, Ex. F at 1. As to the specific doctrine, she explained that "[s]criptures reveal that God Knows us even before we are conceived," citing Jeremiah 1:4-5 and Psalm 139:13-16. In an email to Defendant, she stated: that "[m]y guide is the word of God, the King James Bible," that "taking the Covid-19 vaccine goes against my conscience and sense of obligation to my Lord Jesus Christ," and that she would "not alter my DNA or his design of my immune system." ECF 40-9, Ex. H at 2–3. In Plaintiff's final exemption request, she stated she is "not required to provide 'proof' or convincing argument to my employer, only to notify that taking this vaccine violates my conscience and is in conflict with my beliefs." ECF 40-11, Ex. J at 1.

---

[3] These are Exhibits A, C, F, H, and J.

Defendant also asks this Court to consider "message[s] sent to Plaintiff . . . asking her to submit additional information" in support of her second and third exemption requests, several messages denying her requests, and two Salesforce records purportedly showing that Plaintiff "canceled" her first and third exemption requests. Declaration of Sean T. Strauss, ECF 40-1. Plaintiff does not refer to these documents, and Defendant does not explain how these documents "form the basis of the complaint." *Ritchie*, 342 F.3d at 908. Plaintiff opposes Defendant's request as these documents have not been produced through discovery and there are "accuracy" and "veracity" concerns. Resp., ECF 42 at 4–5. This Court will not consider these exhibits for the purposes of this motion to dismiss.

**B. Religious Discrimination Claims**

This Court now addresses whether Plaintiff has stated a claim for religious discrimination. Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). "A claim for religious discrimination under Title VII can be asserted under several different theories," including failure to accommodate, disparate treatment, and disparate impact. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). Plaintiff brings Title VII claims under each theory.

Similarly, under Oregon law, it is unlawful for an employer, "because of an individual's . . . religion," to "discharge the individual from employment." O.R.S. 659A.030(1)(a). O.R.S. 659A.030 "is patterned after Title VII." *A.L.P. Inc. v. Bureau of Lab. & Indus.*, 161 Or. App. 417, 422 (1999). Plaintiff asserts state law claims that mirror her Title VII claims. This Court will therefore analyze Plaintiff's federal and state law claims jointly.

### 1. Failure to Accommodate

To plead a prima facie case of religious discrimination on a failure-to-accommodate theory under Title VII and Oregon law,[4] Plaintiff must show that: "(1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements." *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). To satisfy the second prong, the alleged conflict "must be the same conflict of which [s]he informed [her] employer," meaning the conflict asserted in the exemption form. *Craven v. Shriners Hosps. for Child.*, No. 3:22-CV-01619-IM, 2024 WL 21557, at *4 n.3 (D. Or. Jan. 2, 2024).

Defendant argues that Plaintiff failed or refused to identify a personally held religious belief that conflicted with the vaccine policy. Mot., ECF 40 at 13. This Court disagrees.

In her exemption requests, Plaintiff stated that she is a Christian, First Exemption Request, ECF 40-2, Ex. A at 2; Second Exemption Request, ECF 40-4, Ex. C at 1, and described her personal religious belief that taking the COVID-19 vaccine would mean that she "would be cooperating with and complicit in abortion," which "would constitute a sin." Third Exemption Request, ECF 40-7, Ex. F at 1. Plaintiff's statements are sufficient to allege a bona fide religious belief that conflicted with the vaccination policy, *see, e.g.*, *Shafer v. Legacy Health*, No. 3:23-CV-01543-HZ, 2024 WL 1932544, at *3 (D. Or. May 2, 2024), and this Court must accept Plaintiff's description as true at the motion-to-dismiss stage. *See Bolden-Hardge v. Off. of the Cal. State Controller*, 63 F.4th 1215, 1220 (9th Cir. 2023).

---

[4] Courts in this District have previously analyzed these claims together. *See, e.g.*, *Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007).

Defendant does not argue that the FAC fails to state a claim given Plaintiff's statements about abortion in her Third Exemption Request. Instead, Defendant argues that she "self-canceled" her First and Third Exemption Requests. Mot., ECF 40 at 13. Even if this evidence was referenced in the complaint—and it is not—this Court cannot conclude that this evidence contradicts Plaintiff's allegations such that this Court need not accept Plaintiff's allegations as true. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008); Mot., ECF 40 at 11. As Plaintiff points out, Defendant's evidence does not explain "what it even meant for forms to be 'canceled.'" Resp., ECF 42 at 2. This Court accepts Plaintiff's allegations as true and declines to speculate as to whether Plaintiff canceled an exemption request. Accordingly, at this stage, Plaintiff has adequately pled a failure-to-accommodate religious discrimination claim.

### 2.  Disparate Treatment

To plead a prima facie case of religious discrimination under Title VII and Oregon law[5] on the basis of a disparate treatment theory, Plaintiff must show that "(1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). Employees are similarly situated if "they have similar jobs and display similar conduct." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003). Defendant argues that Plaintiff has not met the fourth requirement because she "has not alleged [that] she faced differential treatment because of her religion." Mot., ECF 40 at 16. This Court agrees.

Plaintiff alleges that:

---

[5] *Pullom*, 477 F. Supp. 2d at 1100.

PAGE 9 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

> Defendant wrongfully terminated the Plaintiff . . . by identifying
> the Plaintiff and other similarly situated employees by their initial
> requests for religious accommodation and terminating them after
> they invoked their rights under Title VII in their requests for
> religious exemptions from the vaccine mandates. Defendant, by
> thus identifying each individual disfavored employee with sincere
> religious objection, and separating all as a group to be terminated,
> violated Title VII's anti-discrimination prohibition on the basis of
> both disparate treatment and disparate impact.

FAC, ECF 36 ¶¶ 25(1), 32(1).

These allegations fail to state a prima facie case. Nowhere does Plaintiff identify a single similarly situated individual outside her protected class that was treated more favorably. The FAC does not contain any allegations "surrounding other unvaccinated employees in the same positions as [Plaintiff] that were permitted to continue working onsite or otherwise remained employed by [Defendant] despite their noncompliance with the COVID-19 vaccine requirement." *Small v. Or. Health & Sci. Univ.*, No. 3:23-CV-01290-JR, 2024 WL 4137484, at *5 (D. Or. Aug. 5, 2024) (dismissing disparate treatment claim for failure to state a claim), *report & recommendation adopted*, 2024 WL 4136263 (D. Or. Sept. 9, 2024). As Defendant points out, Plaintiff must allege that she was treated differently from employees in the same position as Plaintiff who declined to comply with the vaccination requirement based on secular grounds or different religious beliefs, not that she was treated differently than employees who sought no exemption. Mot., ECF 40 at 21; *see Leake v. Raytheon Techs. Corp.*, No. 23-15320, 2024 WL 1854287, at *1 (9th Cir. Apr. 29, 2024); *Chinnery v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, No. 23CV1110, 2024 WL 3152348, at *6 (E.D. Va. June 24, 2024). Plaintiff has failed to allege a prima facie case of religious discrimination based on a disparate treatment theory.

Plaintiff is granted leave to amend on her disparate treatment theory. Leave to amend is granted liberally. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). A court "may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). No undue delay, bad faith or dilatory motive is alleged here. Defendant argues that "Plaintiff has already been afforded an opportunity to amend her complaint to cure her pleading deficiencies and has failed to do so." Reply, ECF 44 at 13. But Plaintiff alleged this theory for the first time in her FAC. Leave to amend is appropriate.

### 3. Disparate Impact

To plead a prima facie case of religious discrimination based on a disparate impact theory under Title VII,[6] a plaintiff must "(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." *Bolden-Hardge*, 63 F.4th at 1227. Statistics are not required for the first prong "where a disparate impact is obvious." *Id.* Defendant argues that the FAC fails to meet the first and third prongs. Mot., ECF 40 at 22.

---

[6] This Court does not decide whether a disparate impact theory is similarly available under O.R.S. 659A.030, as this issue was not briefed by the parties. The parties appear to assume that such a theory is available, but offer no argument or authority on this point.

Plaintiff has failed to allege a protected class or group. Plaintiff merely makes the conclusory statement that "other similarly situated employees" were also denied religious exemptions. FAC, ECF 37 ¶¶ 25(1), 32(1). Plaintiff fails to allege that a specific faith or religious group was adversely affected by the vaccine mandate. *Cf. Bolden-Hardge*, 63 F.4th at 1228 (concluding plaintiff stated a prima facie case challenging a policy that disparately impacted Jehovah's Witnesses).

Plaintiff attempts to circumvent this requirement by arguing that this Court must presume that the vaccination policy "impacted 'all or substantially all' religious individuals opposed to taking the vaccine on religious grounds." Resp., ECF 42 at 11 (citing *Bolden-Hardge*, 63 F.4th at 1227–28). But merely identifying a "subgroup of religious individuals affected by the vaccine mandates" is not sufficient. *Cox v. Nw. Reg'l Educ. Serv. Dist.*, No. 3:22-CV-01073-HZ, 2024 WL 777598, at *14 (D. Or. Feb. 23, 2024). The affected group cannot be defined as "all those who share a single common belief." *Dunbar v. Walt Disney Co.*, No. CV 22-1075, 2022 WL 18357775, at *3 (C.D. Cal. July 25, 2022). Plaintiff must plead facts that permit this Court to infer that there are other members of her faith or religious group who were also adversely affected by Defendant's vaccination policy. Plaintiff has not alleged that other Christians share her belief, or identified any causal relationship between her faith and Defendant's decision to place her on administrative leave or terminate her employment. Plaintiff's disparate impact claim is dismissed.

Plaintiff has leave to amend this claim if she believes that she can cure these deficiencies.

## C.  Retaliation Claim

Title VII and Oregon law prohibit retaliation against an employee because she opposed a discriminatory practice. 42 U.S.C. § 2000e-3(a); O.R.S. 659A.030(1)(f). To plead a prima facie

case of retaliation under Title VII, Plaintiff must show that "(1) [s]he engaged in a protected activity; (2) [her] employer subjected [her] to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). As to causation, the Supreme Court has held that plaintiffs must show that their engagement in the protected activity was the "but-for" cause of the adverse action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). "Courts analyze [O.R.S. 659A.030(1)(f)] retaliation claims together with Title VII retaliation claims because '[t]he elements of a prima facie case under [O.R.S.] 659A.030(1)(f) are substantially similar' to those for retaliation under Title VII." *Karthauser v. Columbia 9-1-1 Commc'ns Dist.*, 647 F. Supp. 3d 992, 1012 (D. Or. 2022) (quoting *Meyer v. State ex rel. Or. Lottery*, 292 Or. App. 647, 678 (2018)).

For the first element, Plaintiff argues that she "took part in a protected activity by seeking reasonable accommodations for her religious objections to taking the COVID-19 vaccine." Resp., ECF 42 at 13. For the second element, Plaintiff argues that she suffered the adverse employment actions of unpaid administrative leave and termination. *Id.* Defendant does not appear to challenge these prongs.

As to the third element, Plaintiff fails to provide sufficient allegations from which this Court can infer that she was terminated "as a result of her exemption request and not because she failed to comply with the [vaccination] [p]olicy" imposed on all employees. *Weiss v. Permanente Med. Grp., Inc.*, No. 23-CV-03490, 2023 WL 8420974, at *4 (N.D. Cal. Dec. 4, 2023) (granting motion to dismiss plaintiff's Title VII retaliation claim).

Leave to amend Plaintiff's retaliation claims would be futile. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to

amend."). Defendant's COVID-19 vaccination policy, and the consequences for failing to

comply with the policy, were established before Plaintiff submitted her exemption requests.

Thus, "plaintiff cannot meet the third element because 'employees were subject to termination or

unpaid leave for violating the policy irrespective of whether they submitted a [religious

exemption].'" *Small*, 2024 WL 4137484, at *6 (alteration in original) (quoting *Gallagher v.*

*Haw. Symphony Orchestra*, 2024 WL 1331799, at *15–16 (D. Haw. Mar. 27, 2024)).

### D. Hostile Work Environment Claim

To plead a prima facie case of a hostile work environment claim under Title VII and

Oregon law,[7] Plaintiff must show: "(1) [s]he was subjected to a hostile work environment; and

(2) [Defendant] was liable for the harassment that caused the hostile environment to exist." *Fried*

*v. Wynn Las Vegas, LLC*, 18 F.4th 643, 647 (9th Cir. 2021). On the first element, Plaintiff must

plead that: (1) she "was subjected to verbal or physical conduct of a harassing nature" based on

her religion, (2) "the conduct was unwelcome," and (3) "the conduct was sufficiently severe or

pervasive to alter the conditions of employment and create an abusive working environment."

*Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110 (9th Cir. 2000) (internal quotation marks

omitted). "Not every insult or harassing comment will constitute a hostile work environment."

*Fried*, 18 F.4th at 647. On the second element, an employer may be liable for a hostile work

environment by "failing to take immediate and corrective action" in response to a coworker's or

third party's religious discrimination that "the employer knew or should have known about." *Id.*

Defendant argues that Plaintiff fails to allege a connection between the complained-of

conduct and Plaintiff's religion. Mot., ECF 40 at 23. Plaintiff alleges:

---

[7] The elements of a hostile work environment claim are identical under federal and
Oregon law. *See Jernigan v. Alderwoods Grp., Inc.*, 489 F. Supp. 2d 1180, 1192 (D. Or. 2007).

> Prior to her termination, Plaintiff endured a hostile work
> environment. She felt she was singled out as she did not take
> vaccines. Her co-workers, staff and others attempted to shame her
> into taking the COVID-19 vaccine by asking how she could refuse
> the vaccine and work with hospital patients. She was frequently
> told she was putting everyone in danger. Plaintiff's religious
> beliefs were not tolerated or legitimized.

FAC, ECF 36 ¶ 16. These allegations are insufficient to state a claim for a hostile work

environment because they fail to allege a connection between Plaintiff's religion and the

"sham[ing]" comments. *See Brown v. NW Permanente, P.C.*, No. 3:22-CV-986-SI, 2023 WL

6147178, at *6 (D. Or. Sept. 20, 2023) (dismissing hostile work environment claim for failure to

connect the alleged harassing comments about unvaccinated people to plaintiffs' religions);

*Welch*, 2024 WL 3106930, at *18 (same); *Riser v. St. Charles Health Sys., Inc.*, No. 6:23-CV-

01720-AA, 2024 WL 2864405, at *6 (D. Or. June 6, 2024) (same). As explained in *Brown*, "[t]o

remain unvaccinated may be a secular choice, and unvaccinated status alone does not establish

any connotation of religious affiliation." *Brown*, 2023 WL 6147178, at *6.

Further, Plaintiff has failed to allege facts from which this Court can infer that Defendant

knew or should have known about these comments. Plaintiff does not allege, for example, that

she reported these comments to management.

Plaintiff has leave to amend this claim if she believes that she can cure these deficiencies.

## CONCLUSION

Defendant's Motion to Dismiss, ECF 40, is GRANTED in part and DENIED in part. Any

amended complaint must be filed within fourteen days.

///

**IT IS SO ORDERED.**

DATED this 6th day of November, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge